## IDA A. McKEEN v. CITY OF MINNEAPOLIS.[1]

January 28, 1927.

No. 25,783.

**Condemnation of property by offsetting damages and benefits is not a taking without due process.**

An owner whose property was taken in condemnation proceedings by the city of Minneapolis, jurisdiction being acquired, cannot recover damages for the taking, the damages and benefits being offset, though not separately stated. Such a taking is not without due process.

Eminent Domain, 20 C. J. p. 516 n. 20; p. 813 n. 58; p. 817 n. 70; p. 1038 n. 77; p. 1063 n. 32.

Plaintiff appealed from an order of the district court for Hennepin county, Nordbye, J., sustaining a demurrer to the complaint. Affirmed.

*Douglas P. Hunt* and *Alva R. Hunt,* for appellant.

*Neil M. Cronin,* City Attorney, for respondent.

[1]Reported in 212 N. W. 202.

DIBELL, J.

Action by the plaintiff to recover the value of her land taken by the city of Minneapolis for public use. The court sustained a demurrer to the complaint and the plaintiff appealed.

In 1923 the city instituted condemnation proceedings for the widening of Seventeenth avenue south, and in the proceeding took the land for which the plaintiff now seeks to recover damages.

The condemnation proceedings were under chapter 20 of the city charter (G. S. 1923, § 1552, et seq.). The commissioners made an award of "the sum of no and no-100 dollars, the same being the amount of the damages for the taking of said land in excess of the benefits accruing to the remainder of said last named tract of land by reason of the making of said improvement." The form of the award was like that in G. N. Ry. Co. v. City of Minneapolis, 142 Minn. 308, 172 N. W. 135. In Chicago, R. I. & P. Ry. Co. v. City of Minneapolis, 164 Minn. 226, 204 N. W. 934, 205 N. W. 640, we held that in the condemnation proceeding benefits could be offset against damages, but that the commissioners should separately determine and state the amount of damages and the amount of special benefits. The case was before us on certiorari to review the order of the district court confirming the report of the commissioners. Jurisdiction was acquired in the condemnation proceedings, and the commissioners had the right to make an award. Though the form of the award was irregular, it was not a nullity and cannot be attacked in a proceeding to recover the value of the land taken. The plaintiff had a right of appeal to the district court in the manner fixed by the charter. The award was not without due process. G. N. Ry. Co. v. City of Minneapolis, supra.

Order affirmed.